**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CURT FELIX DUFRENE, JR.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 26-645** |
| | |
| **PINNACLE ENERGY, LLC.,** | **SECTION: "E" (3)** |
| **Defendant** | |

**ORDER AND REASONS**

Before the Court is a motion to remand filed by Plaintiff Curt Felix Dufrene, Jr. ("Plaintiff").[1] Defendant Pinnacle Energy, LLC ("Defendant") filed a response.[2] Plaintiff filed a reply.[3]

**BACKGROUND**

This case arises out of an allision that occurred on a waterway in Plaquemines Parish.[4] On February 13, 2026, Plaintiff filed an action against Defendant in the 25th Judicial District Court for the Parish of Plaquemines.[5] In his state court petition, Plaintiff alleges he was navigating his fishing vessel on a waterway when an allision occurred between his vessel and an "unmarked unit wellhead and/or platform" owned and operated by Defendant.[6] Plaintiff alleges Defendant negligently failed to mark and light the wellhead/platform in violation of Title 33 of the United States Code of Federal Regulations.[7] Plaintiff brings negligence claims under Louisiana state law and general maritime law.[8] Plaintiff alleges Defendant's negligence proximately caused this accident,

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] R. Doc. 9.
[4] R. Doc. 1-1 at ¶ 8.
[5] *Id.* at p. 1.
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶ 6.
[8] *Id.* at ¶ 5.

1

which caused him serious bodily injuries, along with damages to his vessel and his fishing business.[9] Plaintiff seeks damages for lost wages, medical expenses, and pain and suffering.[10] Plaintiff specified in his petition that he is bringing an admiralty/maritime claim under 28 U.S.C. § 1333.[11]

On March 26, 2026, Defendants filed a Notice of Removal, removing the case to this Court.[12] Defendant asserts this Court has original jurisdiction over the action pursuant to 28 U.S.C. § § 1331 and 1333.[13]

On April 16, 2026, Plaintiff filed a motion to remand.[14] Plaintiff argues this Court should remand this matter to state court for lack of subject matter jurisdiction.[15] Plaintiff argues the saving to suitors clause in 28 U.S.C. § 1333 preserves Plaintiff's right to litigate his claims in state court.[16] Plaintiff argues his claims arise under Louisiana law and general maritime law and are not removable to federal court absent an independent basis for subject matter jurisdiction, such as diversity jurisdiction or federal question jurisdiction,[17] and that no such independent basis exists.[18]

Defendant argues the saving to suitors clause does not override federal question jurisdiction in this matter.[19] Defendant argues that, because Plaintiff specifically alleges Defendant violated Title 33 of the United States Code of Federal Regulations, Plaintiff's claims arise under a law of the United States.[20] As a result, Defendant argues this Court

---

[9] *Id.* at ¶ 8.
[10] *Id.* at ¶ 12.
[11] *Id.* at ¶ 4.
[12] R. Doc. 1. at p. 1.
[13] *Id.* at ¶ 5.
[14] R. Doc. 6.
[15] R. Doc. 6-1 at pp. 2-3.
[16] *Id.* at p. 4.
[17] *Id.* at pp. 4-5.
[18] *Id.* at p. 9.
[19] R. Doc. 7 at p. 4.
[20] *Id.* at p. 3.

has federal question jurisdiction over this matter, and that the matter should not be remanded to state court.[21]

## **LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[22] The party asserting jurisdiction bears the burden of establishing the district court possesses subject-matter jurisdiction.[23] A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.[24] The removal statute is strictly construed.[25] Doubts concerning removal are to be construed against removal and in favor of remand to state court.[26]

Federal law allows for state civil suits to be removed to federal courts in certain instances.[27] 28 U.S.C. § 1441(a), as amended, currently states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

While 28 U.S.C. § 1333 provides that federal district courts have original jurisdiction of admiralty or maritime cases, the "savings to suitors" clause in that statute "allows plaintiffs to 'elect to bring such claims in state rather than federal court."[28] Removal of maritime cases filed in state court is permissible only if there is an

---

[21] *Id.* at p. 6.
[22] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[23] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[24] 28 U.S.C. § 1447(c).
[25] *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility,* No. 94–1450, 1995 WL 479719, at *2, (E.D.La. Aug. 14, 1995) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La. 1989).
[26] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).
[27] 28 U.S.C. § 1441(a).
[28] *Box v. Eco Servs. Operations Corp.*, 802 F. Supp. 3d 986, 989 (S.D. Tex. 2025).

independent basis for federal jurisdiction, such as federal question jurisdiction.[29] 28 U.S.C. § 1331 provides that federal question jurisdiction exists when a claim "aris[es] under the Constitution, laws, or treaties of the United States." "A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[30]

## I.    Federal law does not create Plaintiff's causes of action.

The Court will first analyze whether it may exercise federal question jurisdiction over this action because federal law creates Plaintiff's causes of action. Plaintiff asserts negligence claims under Louisiana state law and general maritime law.[31] Plaintiff's state law negligence claim obviously does not arise under a law of the United States, and "[i]t is well established that [general] maritime [law] claims do not 'arise under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction."[32] While Defendant argues Plaintiff's claims arise under a law of the United States because Plaintiff alleges Defendant violated Title 33 of the United States Code of Federal Regulations,[33] "federal regulations themselves cannot create a cause of action; this is a job for the legislature."[34] Because Plaintiff's negligence claims do not arise under the Constitution, treaties, or laws of the United States; and because a federal

---

[29] *Par. v. Exxon Mobile Corp., No. CIV.A. 13-6717, 2015 WL 4097111, at \*20 (E.D. La. July 7, 2015)* (holding that, although maritime claims are within federal courts' original jurisdiction, they are not removable on that basis). While a minority of district courts in this circuit have found that maritime actions are removable solely because maritime claims are within the federal courts' original jurisdiction, this Court sides with the majority of district courts which have found that a defendant may remove a maritime action only if an independent basis for federal jurisdiction exists. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018)( "[t]he vast majority of district courts considering this question have maintained that [maritime] lawsuits are not removable [solely on the basis of original jurisdiction]").

[30] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).

[31] R. Doc. 1-1 at ¶ 5.

[32] *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996)(quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359–80 (1959)).

[33] R. Doc. 7 at p. 4.

[34] *Stewart v. Bernstein*, 769 F.2d 1088, 1093 n.6 (5th Cir. 1985).

regulation cannot itself create a cause of action, federal law does not create Plaintiff's causes of action.

## II. Plaintiff's right to relief does not depend on resolution of a substantial question of federal law.

Because federal law does not create Plaintiff's causes of action, this Court may exercise federal jurisdiction over this matter only if Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[35] The Supreme Court has elucidated a four part test, known as the *Grable* test, for determining whether a plaintiff's right to relief depends on resolution of federal law. Under the *Grable* test, a cause of action depends on the resolution of a substantial question of federal law if a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.[36] The only possible federal issue Plaintiff raises in his petition is whether or not Defendant complied with Title 33 of the United States Code of Federal Regulations. Although neither party in this matter addresses the *Grable* test, this is the proper analysis.

### A. Plaintiff's petition does not raise a federal issue.

The first element of the *Grable* test is not satisfied, as the Court finds Plaintiff's petition fails to raise a federal issue. Whether a plaintiff raises a federal issue in a state law negligence claim by alleging a defendant violated a federal regulation depends on the nature of the claim the plaintiff asserts. In *Ubaldo v. F&A Boarder Transport, LLC,* the United States District Court for the Western District of Texas analyzed whether a plaintiff's state law negligence claim raised a federal issue.[37] In that case, the plaintiff

---

[35] *See Singh*, 538 F.3d at 337–38.
[36] *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013)(citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005).
[37] No. EP-24-CV-47-KC, 2024 WL 1904545, at *5 (W.D. Tex. May 1, 2024).

alleged the defendant negligently caused a highway accident and violated various federal regulations in the process.[38] The district court held that state law claims that "merely implicate federal laws or regulations are 'not sufficient to establish federal question jurisdiction.'"[39] Applying the *Grable* test, that court found that the plaintiff's reference to federal regulations as the basis of an element of her negligence claim was insufficient to raise a federal issue.[40]

On the other hand, in *Rivera v. Orion Marine Group,* the United States District Court for the Southern District of Texas found that an alleged violation of a federal regulation did raise a federal issue.[41] In that case, the plaintiffs brought claims against defendants who operated and owned a pipeline that exploded.[42] The plaintiffs brought a strict liability claim against one of the defendants "for failing to abide by its non-delegable duty to follow certain federal regulations."[43] The Court found this allegation raised a federal issue, as the regulations implicated an essential element of the claim.[44] In that case, plaintiffs could recover under their strict liability claim only if the defendant violated federal pipeline regulations.[45] Similarly, in *Ibarra Consulting Eng'rs Inc. v. Jacobs Eng'g Grp. Inc.*, the United States District Court for the Northern District of Texas found that plaintiff's reference to a federal regulation raised a federal issue because the federal regulation at issue provided the only basis for plaintiff's recovery under one of his claims.[46]

---

[38] *Id.* at *1, 5.
[39] *Id.* at *5 (citing *Longitude 150 LLC v. McGee*, No. 22-cv-2181, 2022 WL 16942239, at *4–5 (W.D. La. Oct. 27, 2022).
[40] *Id.*
[41] *Rivera v. Orion Marine Grp. Inc.,* 509 F. Supp. 3d 926, 941 (S.D. Tex. 2020).
[42] *Id.* at 932.
[43] *Id.* at 941.
[44] *Id.* (citing *White v. Scotty's Contracting & Stone, LLC*, No. 21-cv-161, 2022 WL 4588417, at *3 (W.D. Ky. Sept. 29, 2022).
[45] *See id.*
[46] 579 F. Supp. 3d 850, 856 (N.D. Tex. 2022)

Plaintiff does not raise a federal issue in his negligence claims. In *Rivera* and *Ibarra*, the defendant's alleged violation of federal regulations was an essential element for Plaintiff's recovery.[47] In this matter, Plaintiff alleges Defendant violated Title 33 only as evidence that Defendant breached its duty of care under Louisiana and maritime law. However, the violation of Title 33 is not an essential element of his recovery. Like in *Ubaldo*, Plaintiff cites Title 33 only to establish the appropriate standard of care Defendant should have exercised. Defendant may be found to be negligent even if it adhered to the lighting and marking standards for waterways under Title 33. Plaintiff's petition does not raise a federal issue.[48]

### B.      Even if Plaintiff raised a federal issue in his petition, the issue is not substantial.

The second element of the Grable test is not satisfied because, even if Plaintiff had raised a federal issue with respect to Title 33 of the United States Code of Federal Regulations, he did not raise a substantial federal issue. A substantial federal issue "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[49] "[T]he presence of the federal issue as an element of [a] state tort [claim] is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system."[50] The Supreme Court found that a plaintiff's claim presented no substantial federal issue when the analysis of the federal issue was "fact-bound and situation specific."[51] In *Delgado v. M. Lipsitz & Company, Ltd.*, the United States District Court in the Northern District of Texas analyzed whether a plaintiff raised a substantial federal issue in his negligence claim when he alleged the defendant failed to

---

[47] See *id*; *Rivera,* 509 F. Supp. 3d at 941.
[48] *See id.*
[49] *Grable*, 545 U.S. at 313.
[50] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986).
[51] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006).

comply with the requirements of a federal regulation.[52] The court found that, because the federal regulation supplied only the standard of care for a state law negligence claim, the claim failed to raise a substantial issue of federal law.[53]

In this matter, Plaintiff alleges Defendant's failure to light and mark the wellhead/platform, in violation of Title 33 of the United States Code of Federal Regulation, caused the allision and his resultant injuries.[54] In other words, Plaintiff's reference to Title 33 only informs an element of his negligence claims, whether or not Defendant breached its duty of care. In resolving this case, the Court would not be called on to interpret an unsettled question of federal law; rather, it would apply the negligence analysis that Louisiana state courts routinely conduct. Any analysis of Defendant's compliance with Title 33 would be fact intensive and unlikely to impact the application of federal law. Courts have found that in such a scenario, an ordinary negligence claim presents no substantial federal issue.[55] As a result, Plaintiff's claims present no substantial federal issue, and the Court does not have federal jurisdiction over this matter.

### C. The Court exercising jurisdiction over this matter would disrupt the balance of federal and state powers.

Finally, even if Plaintiff raised a substantial federal issue by alleging Defendant violated Title 33 of the United States Code of Federal Regulations, the fourth element of the Grable test is not satisfied because this Court's exercise of jurisdiction over this matter would disrupt the balance of federal and state juridical authority. In analyzing this factor, courts consider whether exercising subject matter jurisdiction would result in an

---

[52] No. 3:13-CV-4324-N, 2014 WL 11456820, at *2 (N.D. Tex. Jan. 28, 2014).
[53] *Id.*
[54] R. Doc. 1-1 at ¶ 6.
[55] See *Delgado*, 2014 WL 11456820, at *2.

"enormous shift of traditionally state cases into federal court."[56] "Tort law is traditionally within the domain of state courts."[57] In *Delgado*, the district court found that exercising jurisdiction over a state law negligence claim based on the violation of a federal regulation would disturb the federal and state judicial balance of power.[58] This Court reaches the same conclusion. The alleged violation of Title 33 will serve as evidence for negligence claims of the type Louisiana state courts traditionally resolve. This Court will not intrude on the state court system's authority to handle such matters. Moreover, if federal courts exercised jurisdiction over negligence claims every time they implicated a federal regulation, there would be a massive shift of traditionally state law cases into federal court. Such a result would disrupt the balance of federal and state judicial authority.

Because Plaintiff's claim presents no substantial federal issue and this Court exercising jurisdiction over Plaintiff's claims would disrupt the balance of federal and state judicial authority, the Court will remand this matter to state court.

<u>CONCLUSION</u>

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.[59]

**IT IS FURTHER ORDERED** that this case is hereby remanded to the 25th Judicial District Court for the Parish of Plaquemines.

**New Orleans, Louisiana, this 21st day of May, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *Ibarra Consulting Eng'rs Inc. v. Jacobs Eng'g Grp. Inc.*, 579 F. Supp. 3d 850, 857 (N.D. Tex. 2022)(citing *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 725 (5th Cir. 2017)).
[57] *Delgado*, 2014 WL 11456820, at *2.
[58] *Id.*
[59] R. Doc. 6.